IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ASIA R. McCLAIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:04CV1208 |
| JAMES M. PLEASANTS COMPANY, INC., | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on Defendant's unopposed Motion for Summary Judgment [Document #17] and unopposed Motion to Dismiss and for Sanctions [Document #19]. For the reasons discussed below, Defendant's Motion to Dismiss [Document #19] will be GRANTED, and this case will be DISMISSED WITH PREJUDICE. However, to the extent that Defendant also requests additional monetary sanctions, that Motion for Sanctions [Document #19] will be DENIED. Finally, the remaining Motion for Summary Judgment [Document #17] is deemed MOOT.

I.    FACTUAL BACKGROUND

Plaintiff Asia R. McClain ("Plaintiff") filed this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, based on her contention that Defendant James M. Pleasants Company, Inc. ("Defendant"), her former employer, discriminated against her on the basis of race and retaliated against her for complaining about racial discrimination in the workplace. Defendant answered the Complaint, contending that Plaintiff was terminated for violating company policies and failing to improve the quality of her work and work production, and further contending that Plaintiff had failed to exhaust her administrative remedies prior to bringing

suit.

On April 28, 2005, the parties submitted a joint Rule 26(f) Report. A Rule 26(f) Order was subsequently entered by the Court on May 2, 2005. However, on June 3, 2005, Plaintiff's counsel moved to withdraw as counsel for Plaintiff, based on his contention that Plaintiff had "failed to respond to any of Counsel's communications to her since the beginning of January 1, 2005." (Motion to Withdraw [Document #12].). The Motion to Withdraw further stated that "[a]ll efforts to reach the Plaintiff have been futile on all subjects relative to this litigation, including pre-trial disclosures, early settlement and responses to interrogatories and production requests." The Court therefore allowed the Motion to Withdraw. The case proceeded, but Plaintiff failed to respond or participate in the discovery process, failed to respond to Defendant's requests for admission, and failed to appear for the scheduled mediation hearing.

Defendant filed a Motion for Summary Judgment [Document #17] with supporting affidavits, arguing that Plaintiff had failed to offer any evidence in support of her claims, that all of the evidence supported Defendant's nondiscriminatory reasons for terminating Plaintiff, and that Plaintiff had failed to establish any genuine issue of material fact with respect to her claims. Defendant also filed a Motion to Dismiss and For Sanctions [Document #19] based on Plaintiff's failure to respond to discovery, Plaintiff's refusal to appear at the court-ordered mediation, and Plaintiff's failure to prosecute this case. On November 17, 2005, the Clerk's Office mailed notice of the Motions to Plaintiff and informed her of the need to respond if she disputed the Defendant's contentions or wished to pursue the matter further. Plaintiff has failed to respond in any way to either of the Motions and has not appeared in this case in any manner since her attorney withdrew.

2

Case 1:04-cv-01208-JAB   Document 23   Filed 02/22/06   Page 2 of 5

II.   MOTION TO DISMISS

In its Motion to Dismiss [Document #19], Defendant contends that this case should be dismissed pursuant to Federal Rules of Civil Procedure 37 and 41 based on Plaintiff's failure to comply with the Court's Orders and failure to prosecute or participate in this litigation. Federal Rule of Civil Procedure 37(b)(2)(C) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just" including "[a]n order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C); see also Porter v. Guarino, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (dismissing a case with prejudice based upon the plaintiff's failure to cooperate in discovery and failure to comply with the Court's discovery orders). In addition, Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b); see also Porter, 223 F.R.D. at 284 (finding that dismissal was also warranted pursuant to Rule 41 based upon the non-cooperation by the plaintiff, the history of delay, and the prejudice to defendants); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding that dismissal pursuant to Rule 41 was appropriate based on the plaintiff's failure to comply with a court order where the district court's order included an "explicit warning that a recommendation of dismissal would result from failure to obey [the] order").

In this case, Plaintiff has failed to comply with the Rule 26(f) Scheduling Order entered in this case, and has also failed completely to participate in discovery in this case or to participate in court-ordered mediation. Plaintiff's failure has resulted in significant prejudice to Defendant, based on the undue delay in resolving this case and the need for multiple motions in the face of Plaintiff's

3

failure to participate in discovery and failure to comply with this Court's Orders. Plaintiff offers no justification for her failure and does not even attempt to establish that she was acting in good faith. Plaintiff herself was directly responsible for all of her failures in this regard. In addition, Plaintiff has failed to respond to Defendant's Motion to Dismiss in any way, after she was warned by the Court that failure to respond or participate would result in dismissal of this action. Given Plaintiff's complete failure to respond or participate meaningfully in this case and her violation of the Court's orders, the Court concludes that dismissal pursuant to Rules 37 and 41 is appropriate, and that no less drastic sanction would be effective. Based on these findings, the Court concludes that Defendant's Motion to Dismiss [Document #19] pursuant to Rule 37 and Rule 41 should be GRANTED, and this case should be DISMISSED WITH PREJUDICE. However, the Court in its discretion declines to impose any additional monetary sanctions against Plaintiff. Therefore, to the extent that Defendant also requests additional monetary sanctions, that Motion for Sanctions [Document #19] will be DENIED. Finally, Defendant's Motion for Summary Judgment [Document #17] is deemed MOOT.[1]

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

---

[1] The Court notes, however, that Plaintiff has failed to submit any evidence whatsoever in support of her claims. Therefore, based on the evidence presently before the Court, the Court concludes that there are no genuine issues of material fact and that dismissal would also be appropriate pursuant to Federal Rule of Civil Procedure 56 because "'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [Plaintiff] cannot prevail under any circumstances.'" Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55 (4th Cir. 1994) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967)).

4

This, the 22nd day of February, 2006.

                                                                                                                  _____
                                                                                                                  United States District Judge